IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: FRAISHER, LLC, AS OWNER OF THE M/V UP THERES, AND TOP TIER WATERSPORT, LLC AS CHARTERER, OPERATOR, AND/OR OWNER *PRO HAC VICE* OF THE M/V UP THERES, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : : : : : : : : | CIVIL ACT. NO. 1:19-cv-618-TFM-MU |

## ORDER

Pending before the Court is Petitioner Fraisher, LLC's ("Fraisher"), *Motion for Interim Relief and for Entry of a Concorsus Order*. (Doc. 2, filed September 6, 2019). Fraisher, as the owner and Top Tier Watersport, LLC ("Top Tier"), as charterer *pro hac vice* of the M/V UP THERES, requests the Court, pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 30501-30512, Fed. R. Civ. P. 9(h), and Rule F of the Supplemental Rules for Admiralty or Maritime Claims, in this cause for exoneration from or limitation of liability, for interim relief and entry of a concursus order. Doc. 2 at 1.[1]

## FACTUAL BACKGROUND

The subject vessel, M/V UP THERES, is a thirty-four foot (34') 2010 parasailing vessel that is constructed of fiberglass, propelled by diesel engines, and bears U.S.C.G. Documentation Number 1225757 (the "Vessel"). Doc. 1 ¶ 2. At all times pertinent, Fraisher was the owner of the Vessel and Top Tier was the charterer, operator, and/or owner *pro hac vice* of the Vessel. *Id.* ¶¶ 3-4. The Vessel is used in a commercial parasailing business and operates in the navigable

---

[1] The Court has subject matter jurisdiction over this action under 43 U.S.C. § 30511(a) and 28 U.S.C. § 1333(1) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction. . . .").

waters of the Gulf of Mexico near Orange Beach, Alabama.  *Id.* ¶ 6.

On or about April 10, 2018, Brian Myers, Dionne Myers, and their minor children, H.M. and L.M., (collectively, the "Myers") participated in a parasailing excursion into the Gulf of Mexico that began and terminated on the navigable waters of Cotton Bayou in Orange Beach, Alabama (the "parasailing excursion").  *Id.* ¶ 7.  The parasailing excursion was subject to the conditions of a "Release of Liability, Assumption of Risk, Waiver of Claims, Indemnification & Binding Arbitration Agreement" (the "Release and Arbitration Agreement").  *Id.*  Brian Myers and Dionne Myers, and Brian Meyers on behalf of his minor children, H.M. and L.M., executed a Release and Arbitration Agreement in conjunction with the parasailing excursion.  *Id.*  The Myers allege they sustained injuries during the parasailing excursion when they were returned to the Vessel and landed on its rear deck.  *Id.* ¶ 8.

Petitioners claim, at the time the Vessel completed the subject voyage, the Vessel had a value of $85,000.00.  *Id.* ¶ 16; *see also* Doc. 1-2 (a Declaration of Vessel Value that was prepared by Jack Fisher).  As security for value and for costs, pursuant to Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims, Petitioners submitted with the Court a Letter of Undertaking in the amount of $86,000, which includes the value of their interest in the Vessel at the time the Vessel completed the subject voyage and $1,000.00 as security for costs, pursuant to S.D. Ala. CivLR 105(a), with interest at six percent (6%) per annum from its date.  Doc. 1 ¶ 18; Doc. 1-3.  As of the date of the instant motion, Petitioners claim there is a civil action against them in this Court that is related to the April 10, 2018 incident and is styled *Dionne and Brian Myers, individually and on behalf of their minor children H.M. and L.M. v. Top Tier Scooby LLC, Top Tier Beach, LLC, Fraisher, LLC and Top Tier Watersport*, Civ. Act. No. 1:19-cv-00414-TFM-C.  Doc. 1 ¶ 14.  Petitioners also claim they filed their instant complaint within six (6) months

from the date they received written notice of a limitable claim and the Vessel is in the Petitioners' possession and within this Court's judicial district. *Id.* ¶¶ 11, 17.

## ANALYSIS

"The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30511(a); *see also* Rule F, Supplemental Rules for Admiralty or Maritime Claims ("[A]ny vessel owner may file a complaint in the appropriate district court . . . for limitation of liability pursuant to statute."). A complaint for limitation of liability may be filed "[n]ot later than six months after receipt of a claim in writing." Rule F(1), Supplemental Rules for Admiralty or Maritime Claims; *see also* 46 U.S.C. § 30511(a) ("The action must be brought within 6 months after a claimant gives the owner written notice of a claim."). If the vessel has not been attached or arrested, venue is proper "in any district in which the owner has been sued with respect to any such claim." Rule F(9), Supplemental Rules for Admiralty or Maritime Claims.

In this case, Petitioners claim their complaint was filed within six (6) months from the date they received written notice of a limitable claim. Doc. 1 ¶ 11. Petitioners do not claim the Vessel has been attached or arrested and an action was brought against Petitioners in this Court. *Id.* ¶ 14. The Vessel is within the jurisdiction of this judicial district and venue appears proper in this Court. *Id.* ¶ 17.

Rule F(2), Supplemental Rules for Admiralty or Maritime Claims, requires a petition for limitation of liability to:

> [S]et forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited. The complaint may demand exoneration from as well as limitation of liability. It shall state the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination; the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or

otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon; whether the vessel was damaged, lost, or abandoned, and, if so, when and where; the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are; and the amount of any pending freight recovered or recoverable.

Upon review of the petition (Doc. 1), the Court finds it to be substantially in compliance with Rule F(2), Supplemental Rules for Admiralty or Maritime Claims, (*see supra* "Factual Background," at 2-5).

Along with the petition for limitation of liability:

> The [vessel] owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended; or (b) at the owner's option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended. The plaintiff shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security.

Rule F(1), Supplemental Rules for Admiralty or Maritime Claims.

Petitioners claim their interest in the Vessel at the end of the voyage was $85,000.00. Doc. 1 ¶ 16. Petitioners submitted with the Court a Letter of Undertaking in the amount of $86,000, which includes the value of their interest in the Vessel at the time the Vessel completed the subject voyage and $1,000.00 as security for costs, pursuant to S.D. Ala. CivLR 105(a), with interest at six percent (6%) per annum from its date. *Id.* ¶ 18; Doc. 1-3.

Accordingly, Petitioners' Motion for Interim Relief and for Entry of a Concorsus Order (Doc. 2) is **GRANTED**. The Court finds the motion to be in compliance with Rule F(1), Supplemental Rules for Admiralty or Maritime Claims, and **ORDERS** as follows:

1. The Letter of Undertaking (Doc. 1-3) is **ACCEPTED** and **APPROVED** as adequate

security pursuant to Rule F(1), Supplemental Rules for Admiralty or Maritime Claims.

2. Once all requirements of the preceding paragraph are satisfied,

   a. the further prosecution of any action or proceeding against Petitioners or their property with respect to any claim subject to limitation in this action, as described in the petition (Doc. 1) is hereby **ENJOINED** in accordance with Rule F(3), Supplemental Rules for Admiralty or Maritime Claims[2];

   b. a notice shall be issued out of, and under the seal of, this Court in the form attached as Exhibit "A" to this Order;

   c. Petitioners are responsible for coordinating with the U.S. Marshal, the *Mobile Press-Register*, and *Lagniappe* as to the publication dates.

   d. the Clerk of Court shall issue notice for this action in compliance with Rule F(4), Supplemental Rules for Admiralty or Maritime Claims.[3] As specified in the Supplemental Rules, Petitioners shall bear responsibility for carrying out the last

---

[2] "Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Rule F(3), Supplemental Rules for Admiralty or Maritime Claims.

[3] Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death." Rule F(4), Supplemental Rules for Admiralty or Maritime Claims.

two sentences of Rule F(4), Supplemental Rules for Admiralty or Maritime Claims, and for carrying out Rule F(6), Supplemental Rules for Admiralty or Maritime Claims.

**DONE** and **ORDERED** this the 4th day of October 2019.

                                            s/Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES DISTRICT JUDGE