# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FRAISHER, LLC, AS OWNER OF THE M/V UP THERES, AND TOP TIER WATERSPORT, LLC AS CHARTERER, OPERATOR, AND/OR OWNER *PRO HAC VICE* OF THE M/V UP THERES, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACT. NO. 1:19-cv-618-TFM-MU |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioners Fraisher, LLC's, and Top Tier Watersport, LLC's, *Unopposed Motion to Consolidate* (Doc. 17, filed March 3, 2020). Petitioners request the Court consolidate this matter, pursuant to Fed. R. Civ. P. 42(a)(2), for the purposes of discovery and trial, with the earlier-filed lawsuit, *Myers v. Top Tier Scooby LLC*, Civ. Act. No. 1:19-cv-00414-TFM-MU [hereinafter, *Myers*], the prosecution of which is currently enjoined while this action is prosecuted. *Id.*; *see also* Doc. 8. In support of Petitioners' motion to consolidate, they state the subject matter of the two (2) actions concerns the same underlying facts and similar questions of law, and the claimants in this action do not oppose the motion. This matter is ripe for disposition and for the reasons discussed below, the motion to consolidate is **GRANTED**.

### I. STANDARD OF REVIEW

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Rule 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air*

*Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). However, as noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary. *See also Eghnayem v. Boston Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495) (emphasizing decision is "purely discretionary."). In exercising that discretion, the Court must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id*. Finally, the Court may decide to consolidate for pretrial, trial, or both.

## II.     ANALYSIS

The petitioners in the instant action are both named in *Myers*, and in turn, the Plaintiffs in *Myers* are the only claimants in the instant action. *Compare* Docs. 1, 6 *with Myers*, Civ. Act. No. 1:19-cv-414-TFM-MU, Doc. 1. The claimants' claims in the instant action are the same as those that they assert in *Myers* as well as the operative facts on which Claimants' make their claims. *Id*. Because of the overwhelming similarities between this action and *Myers*, if this matter and *Myers* were consolidated, the risk of prejudice and possible confusion to the parties would be minimal, the burden on the parties and witnesses in each matter would be minimal, judicial resources would be more efficiently spent, the length of time to conclude the matters as one suit would be less than if these matters continued as separate suits, and the expenses to the parties would be reduced. If this matter and *Myers* were not consolidated, the risk of inconsistent adjudication of common factual and legal issues would be great. Accordingly, the Court finds

this matter and *Myers* should be consolidated for the purposes of pre-trial matters and trial, and the motion to consolidate is due to be granted.

### III. CONCLUSION

Based on the foregoing, Petitioners' motion to consolidate (Doc. 17) is hereby **GRANTED**; this matter is **CONSOLIDATED** with *Myers v. Top Tier Scooby LLC*, Civ. Act. No. 1:19-cv-414-TFM-MU, for purposes of pre-trial matters and trial with *Myers* designated as the lead case of the consolidated matter. The Rule 16(b) Schedule Order (Doc. 20) that was entered in the instant action will govern all of the pre-trial proceedings in the consolidated matter. A separate order will be entered to set the lead case for a jury trial to determine liability, which will be succeeded by the bench trial that was set in the instant action to determine the issue of limitation of liability. Finally, counsel should use the following combined header for their filings in the lead case.

| | |
|---|---|
| DIONNE AND BRIAN MYERS, individually and on behalf of their minor children, H.M. and L.M., | : : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACT. NO. 1:19-cv-414-TFM-MU : |
| TOP TIER SCOOBY, LLC, *et al.*, | : : |
| Defendants. | : |

| | |
|---|---|
| IN RE: FRAISHER, LLC, as owner of the M/V UP THERES, and Top Tier Watersport, LLC as charterer, operator, and/or owner *pro hac vice* of the M/V UP THERES, for exoneration from or limitation of liability | : : : : CIVIL ACT. NO. 1:19-cv-618-TFM-MU : : : |

The Clerk of Court is **DIRECTED** to docket the existing Rule 16(b) Schedule Order (Doc. 20) in the lead case and to administratively close the instant matter (1:19-cv-618-TFM-MU).

**DONE** and **ORDERED** this the 27th day of March 2020.

s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE